LA BAN et al. v. CONSIDINE.

(Supreme Court, Appellate Term, First Department.　January 7, 1916.)

SALES ⬤⟞181—TRIAL—EVIDENCE.

　　In an action by a tailor to recover the price of clothing made for defendant, who claimed a breach of the tailor's warranty that the clothing would fit, evidence *held* to show an acceptance of the clothing by the defendant.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. ⬤⟞181.]

　　Finch, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by H. Leonard La Ban and others against William H. Considine. From a judgment dismissing his complaint, and awarding judgment to defendant on counterclaim, plaintiffs appeal. Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

A. Frank Cowen, of New York City (Bernard Cowen, of New York City, of counsel), for appellants.

Isidor Cohn, of New York City, for respondent.

LEHMAN, J. The defendant on October 24, 1913, ordered three suits from the plaintiffs, at the agreed price of $180, and one vest, at the agreed price of $12. One of these suits and the vest were concededly satisfactory. The defendant has paid $60 for the suit which was satisfactory and $50 on account of the remainder of the purchase price. The plaintiffs have now brought this action for the remainder of the purchase price. The complaint is for goods sold and delivered. The answer, in addition to a general denial, sets forth that the plaintiffs warranted that the three suits—

"would give perfect fit and in every respect be suitable, comfortable, and well to be worn and used by this defendant," and that "the plaintiffs made two of

the suits so carelessly, unskillfully, and improperly that the trousers of each of the two suits were too tight and too short, and the coat of each of the two suits was likewise made too tight and too small for defendant's build, and unable of being worn by this defendant; that two of these suits have never been delivered to the defendant, but have always remained in the possession of the plaintiffs."

There is no doubt that if the plaintiffs furnished or offered to furnish suits which did not conform to their warranty, and the defendant refused to accept these suits, then he. is not liable for the purchase price; but there is also no doubt that, if he did accept these suits, he is bound to pay the agreed price, inasmuch as he has failed to allege or prove facts sufficient to permit a recoupment of damages suffered by the alleged breach of warranty. The plaintiffs showed that they delivered these suits in December, 1913, and they were not returned to them until quite three months thereafter. The defendant testified that:

"After they were delivered, I tried them on. I wore one of the suits over to my place, found it was all out of shape, didn't fit me, the trousers too short; the coat was too tight for me; it wouldn't come around me; I had to go home and change my clothes. I put the other suit on; it was the same thing. I telephoned the gentleman, Mr. Bastable; he said he would send up and get them."

While the defendant had a reasonable time to inspect the goods after delivery, it would certainly seem that if he tried them on he had that opportunity, and if thereafter he wore the suit to his office he thereby made an unqualified acceptance, unless the plaintiffs thereafter acquiesced in his right to return the goods and received them back. The plaintiffs did receive them back thereafter, but it would seem that they received them back for the purpose of making alterations. In fact, it is conceded that several months thereafter the defendant paid $50 on account in the expectation that the alterations would be satisfactory. This testimony, unless explained more fully than in this record, would show, I think almost conclusively, that the defendant did in fact accept the goods, and returned them to the plaintiff only for alterations. In addition, the record does not show any denial of plaintiffs' testimony that the defendant has thereafter repeatedly promised to send a check for the bill, nor any denial that the defendant has promised to come down to try on the suits, so that the alterations could be made and has never been in the place.

For these reasons, it seems to me that the judgment must be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event.

BIJUR, J., concurs.

FINCH, J. I dissent. I am of the opinion that defendant's conduct did not amount to an acceptance of the suits in question. Some time after the delivery of the suits the defendant put them on and found they did not fit; not only were the coat and trousers too tight, and the coat would not button, but the trousers were also too short. He then immediately telephoned plaintiffs to sent for them, which

plaintiffs neglected to do for almost one month, and at the time the plaintiffs called for the suits the defendant paid $50 on account, thinking the plaintiffs would make them right. The circumstances under which the plaintiffs received the suits back would prevent the plaintiffs from claiming that the defendant accepted the suits, even if the previous conduct of the defendant might otherwise be held an acceptance. When the suits were again delivered to defendant in an unsatisfactory condition, he returned them immediately, and plaintiffs have had them ever since. On the trial of this issue, the trial justice had the advantage, not only of hearing and seeing the witnesses testify, but the suits were brought to court, and were tried on and examined in the presence of the court.

In my opinion, the judgment should be affirmed.